IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUTH L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16-CV-879-WKW |
| | ) | [WO] |
| DOTHAN POLICE OFFICER | ) | |
| SHANE ASH, in both his individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Shane Ash, a police officer in the Dothan Police Department, obtained a warrant to search and seize Plaintiff Ruth L. Robinson's cell phone. One month later, Plaintiff brought this lawsuit against Defendant in his individual and official capacities. Plaintiff, an attorney, alleges that the warrant fails to pass constitutional muster and that Defendant obtained it to frustrate Plaintiff's representation of James Bailey, in part by gaining access to communications protected by the attorney-client privilege stored on the cell phone. Plaintiff's Complaint (Doc. # 1) includes claims under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as state law claims for false imprisonment, conversion, and invasion of privacy.

Defendant filed a Motion to Dismiss with Supporting Brief (Doc. # 9), in which he asserts the defense of qualified immunity and further asserts that Plaintiff has failed to state a claim upon which relief can be granted. Although the entirety of this action had been referred to the Magistrate Judge (Doc. # 5), the order of referral is VACATED with respect to Defendant's motion (Doc. # 9). Relatedly, the Magistrate Judge's December 9, 2016 Order (Doc. # 16) is also VACATED to the extent it converted Defendant's motion to a motion for summary judgment, so Defendant's motion is before the court as a motion to dismiss. Further, the Magistrate Judge's August 31, 2017 Recommendation addressing Defendant's motion (Doc. # 33) is due to be rejected.

Because Defendant has not made the threshold showing for a qualified immunity defense and has offered only a conclusory argument that Plaintiff has failed to state a claim upon which relief can be granted, Defendant's motion to dismiss (Doc. # 9) is due to be denied.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

The court will consider Defendant's motion to dismiss as such in lieu of converting it to a motion for summary judgment because the record has not been sufficiently developed for this court to rule on a motion for summary judgment. *See Harper v. Lawrence County, Alabama*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (affirming a district court's recision of its conversion of a motion to dismiss to a motion for summary judgment after the district court found that "the current body of evidence simply is insufficient to support a ruling on a motion for summary judgment," *id.* at 1231 (citation omitted)). It is not necessary to convert Defendant's motion in light of the evidentiary submissions that followed the Magistrate Judge's December 9, 2017 Order (Doc. # 16) because the court will consider only the pleadings, the remaining attachment to the pleadings after this court's order striking the other attachments (Doc. # 36), and one fact of which the court takes judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. *See id.* at 1232; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation omitted); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that the pleadings are construed broadly, and that the allegations in the complaint are viewed in the light most favorable to the plaintiff." (internal citations and quotation marks omitted)).

To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U.S. at 556. The

claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (citation and internal quotation marks omitted).

### III. BACKGROUND

On October 7, 2016, Plaintiff attended a post-conviction hearing for Mr. Bailey in the Henry County Courthouse. At the hearing, Plaintiff was accused of stalking and harassing Allen Hendrickson, one of the officers involved in one of Mr. Bailey's cases and "the very officer whom [Plaintiff] has sought to hold accountable in [those] cases" (Doc. # 1, at 7). Plaintiff denied the accusations, and the circuit court judge declined to address the matter.

Immediately after the hearing, Plaintiff was detained and her cell phone was seized by Henry County Sheriff's deputies, who presented her a copy of a warrant Defendant had obtained that morning. The only crime mentioned in the warrant is "the crime of intimidating a witness." (Doc. # 1-2, at 2.) Defendant later arrived to take possession of Plaintiff's cell phone and give her a receipt for her property. While the accusations levied against Plaintiff at the hearing suggest that the receipt would name Mr. Hendrickson as the victim, the receipt names someone else instead: Danielle Whittington.

Plaintiff admits contacting and attempting to contact Ms. Whittington leading up to the October 7 hearing. On October 5, 2016, Plaintiff learned that Ms.

5

Whittington might have some information relating to Mr. Bailey's case.  Plaintiff then called Ms. Whittington's mother in the hopes that she would put Plaintiff in touch with Ms. Whittington.

Ms. Whittington called Plaintiff shortly thereafter.  She told Plaintiff she had acted as a confidential informant and had also dated Terry Nelson, a Dothan police officer who had arrested Mr. Bailey in one of the cases in which Plaintiff represents Mr. Bailey.  Ms. Whittington told Plaintiff she would call her later that evening, but she later texted Plaintiff to inform her she would be unable to make such a call.

The next day, October 6, 2016, Plaintiff went to Ms. Whittington's house in Newton—a town in Dale County, Alabama—a little after 10:00 p.m.  Plaintiff knocked on the door, but someone other than Ms. Whittington answered and told Plaintiff that Ms. Whittington was not home.  Plaintiff departed Ms. Whittington's house at that point.  The next morning, October 7, 2016, Plaintiff left Ms. Whittington a voicemail shortly before the hearing in Mr. Bailey's case asking her to give her a call.

Plaintiff alleges that Ms. Whittington contacted Mr. Hendrickson to inform him that Plaintiff had contacted her and that Mr. Hendrickson "did what he could to put a stop to it."  (Doc. # 1, at 6.)  Plaintiff alleges that Defendant orchestrated the seizure of Plaintiff's cell phone to interfere with her representation of Mr. Bailey, in part by "seeking to discover privileged communications between" Plaintiff and Mr.

Bailey (Doc. # 1, at 8). The warrant authorizes a broad—arguably comprehensive—search of the contents of Plaintiff's cell phone.

## IV. DISCUSSION

Defendant makes two primary arguments in his motion to dismiss. First, Defendant asserts the affirmative defense of qualified immunity to Plaintiff's § 1983 claims, which accounts for the bulk of his motion. (Doc. # 9, at 3–7.) Second, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted. (Doc. # 9, at 2, 7.) Both arguments are unavailing.

**A.** **Defendant's qualified immunity argument fails because he has not established that he was acting within the scope of his discretionary authority.**

In rejecting Defendant's assertion of qualified immunity, the court need not engage in an analysis of whether Defendant's conduct violated clearly established federal law because Defendant has not satisfied the first element of a qualified immunity defense. "To be entitled to qualified immunity, the defendant must first establish that he was acting within the scope of his discretionary authority." *Gaines v. Wardynski*, No 16-15583, 2017 WL 4173625, at *2 (11th Cir. Sept. 21, 2017) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013)). "If the defendant[] w[as] not acting within [his] discretionary authority, [he is] ineligible for the benefit of qualified immunity." *Lumley v. City of Dade City, Florida*, 327 F.3d 1186, 1194 (11th Cir. 2003) (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th

Cir. 2002)). That issue is often uncontested, *see, e.g.*, *Gaines*, 2017 WL 4173625, at *2, which may be why "a number of [the Eleventh Circuit's] cases omit this step of the [qualified immunity] analysis," *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

But Plaintiff appears to contest "this critical threshold matter." *Id.* Plaintiff alleges that Defendant was acting outside his jurisdiction in procuring the warrant at issue in this case. According to the complaint, the potential crime—"intimidating a witness" (Doc. # 1-2, at 2)—that served as the basis for the warrant Defendant obtained "occurred in the City of Newton, in Dale County which is outside defendant Ash's jurisdiction in the City of Dothan." (Doc. # 1, at 3.) That portion of the complaint presumably refers to Plaintiff's interactions with Ms. Whittington and not the accusations that Plaintiff stalked and harassed Mr. Hendrickson. Based on the complaint, it is unclear how (if at all) those accusations are related to the warrant at issue in this case. But the complaint makes it clear that Ms. Whittington—who could possibly be a witness given that she "possessed information regarding Mr. Bailey's cases" (Doc. # 1, at 4)—lives in "Newton, Alabama, in Dale County, which is not within the Dothan Police Department's jurisdiction." (Doc. # 1, at 5.) When viewed in the light most favorable to Plaintiff, those allegations raise the question whether Defendant was acting within the scope of his discretionary authority.

"[T]he term 'discretionary authority'" in this context, according to the Eleventh Circuit, "include[s] all actions of a governmental official that (1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). Defendant at least arguably obtained the warrant at issue in this case "pursuant to the performance of his duties" as a police officer. It is far from obvious, however, that obtaining that particular warrant was "within the scope of his authority," taking as true Plaintiff's allegation that Defendant obtained the warrant to investigate a potential crime that occurred outside his jurisdiction.

Defendant does not directly address this issue in his motion to dismiss, opting instead to mischaracterize Plaintiff's allegation. Plaintiff's position on this issue, in Defendant's view, is that Defendant

> was prohibited from either obtaining or assisting with a search warrant for a cell phone from a circuit judge in Houston County where it was issued, [and] from assisting in the service and execution of the search warrant at a location also within the jurisdiction of the same circuit judge . . . .

(Doc. # 9, at 6.) But Plaintiff does not appear to challenge whether Defendant can generally obtain a warrant from a circuit judge in his judicial circuit. Plaintiff actually challenges whether Defendant can obtain a warrant for an incident that

9

occurred outside his jurisdiction. Defendant fails to address this challenge, and Alabama law offers at least some support for Plaintiff's position.

Newton, a town in Dale County, Alabama, seems to be outside the Dothan Police Department's jurisdiction. The department's jurisdiction extends three miles beyond the borders of the City of Dothan, which is located in Houston County. Ala. Code § 11-40-10(a)(1). The court takes judicial notice of the fact that Newton—where Plaintiff alleges Ms. Whittington lives and the incident Defendant was investigating took place—is not within three miles of Dothan's borders. *See* Fed. R. Evid. 201; *United States v. Garcia*, 672 F.2d 1349, 1356 (11th Cir. 1982) ("The trial judge was free to take judicial notice of the fact that [a certain location] . . . was well beyond the three-mile territorial limit that has been recognized as the border of the United States for purposes of ocean border-crossing cases." (footnote omitted)). The Dothan Police Department's jurisdiction thus does not appear to extend to Newton.

Consequently, Plaintiff's complaint plausibly alleges that Defendant was acting outside his jurisdiction by investigating a potential crime that occurred in Newton. Such an investigation appears to be outside Defendant's discretionary authority under Alabama law. *See Newton v. Town of Columbia*, 695 So. 2d 1213, 1217 (Ala. Civ. App. 1997) (holding that a police officer was not entitled to summary judgment on the basis of state-agent immunity and qualified immunity upon finding a genuine dispute of fact as to whether the officer was within his jurisdiction at the
10

relevant time); *id.* at 1217 n.2 ("If the . . . residence was outside the town's police jurisdiction, and outside Houston County, then [the police officer] . . . *had no discretion* to exercise police authority there."); *see also Moore v. Crocker*, 852 So. 2d 89, 91–92 (Ala. 2002) (quoting *Newton* with approval, *id.* at 91, and concluding that a police officer's action "outside the county containing the city employing [him] exceeded his authority and therefore forecloses his claim of peace officer immunity," *id.* at 92); *cf. Jones v. City of Atlanta*, 192 F. App'x 894, 898 (11th Cir. 2006) (per curiam) (holding that two Atlanta police officers who "were outside of their police jurisdiction when they allegedly violated [the plaintiff's] constitutional rights" were "not entitled to summary judgment grounded upon qualified immunity" because they "ha[d] not proven that they were acting within the scope of their discretionary authority").

To be clear, the court is not asking "whether it was within the defendant's authority to commit the allegedly illegal act." (Doc. # 9, at 3.) Rather, the court is asking whether it was within Defendant's authority to investigate a potential crime that took place outside his jurisdiction. The above-cited authorities suggest that it was not, and Defendant has offered no basis for the court to conclude otherwise.

Moreover, Defendant bears the burden of establishing that he was acting within the scope of his discretionary authority, *e.g.*, *Gaines*, 2017 WL 4173625, at *2, which he acknowledges in his motion to dismiss (Doc. # 9, at 3). Defendant has

failed to meet his burden on "this critical threshold matter." *Holloman*, 370 F.3d at 1264. Be that as it may, Defendant may reassert the affirmative defense of qualified immunity in a motion for summary judgment and perhaps prevail on that basis. But at this stage, Defendant has failed to show that he is entitled to qualified immunity with regard to Plaintiff's § 1983 claims against him in his personal capacity.

As for Plaintiff's § 1983 claims against Defendant in his official capacity, the defense of qualified immunity is unavailable to Defendant. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985).

Defendant's motion to dismiss is therefore due to be denied to the extent it relies upon the defense of qualified immunity.

**B.** **Defendant has failed to show that Plaintiff's complaint does not state a claim upon which relief can be granted.**

Qualified immunity is clearly the focus of Defendant's motion to dismiss, but Defendant also argues that Plaintiff has failed to state a claim upon which relief can be granted. According to Defendant, after striking "Plaintiff's conclusory statements relating to the invalidity of the search warrant for her cell phone," "the court should determine that the remaining allegations do not plausibly give rise to a cause of action." (Doc. # 9, at 2.) But Defendant has failed to identify which of Plaintiff's allegations should be stricken. Indeed, Defendant has failed to offer any explanation of his argument on this issue beyond his conclusory assertions that Plaintiff's allegations are insufficient to state claims upon which relief can be granted.

Defendant has therefore failed to meet his burden of showing that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion to dismiss is thus due to be denied to the extent it asserts that Plaintiff has failed to state a claim upon which relief can be granted.

## V.  CONCLUSION

The allegations in Plaintiff's complaint are quite serious and, if true, disturbing. Given the vast amount of information a cell phone like Plaintiff's can contain, *see Riley v. California*, 134 S. Ct. 2473, 2489–91 (2014), the seemingly unrestricted search authorized by the warrant Defendant obtained (Doc. # 1-2) gives great cause for concern. And that does not even account for the fact that Plaintiff is an attorney whose cell phone may very well contain privileged attorney-client communications between her and Mr. Bailey. Nor does it account for the fact that Plaintiff's cell phone was allegedly seized in a courthouse immediately after a hearing.

Of course, Plaintiff has yet to prove her allegations. And she may never prove them. It is also possible that Defendant will show he is entitled to qualified immunity. But Defendant's motion to dismiss does not provide a viable argument for dismissing any of Plaintiff's claims at this juncture.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's August 31, 2017 Recommendation is REJECTED;

2. The Order referring this case to the Magistrate Judge (Doc. # 5) is VACATED with respect to Defendant's motion to dismiss (Doc. # 9);

3. The Magistrate Judge's December 9, 2016 Order (Doc. # 16) is VACATED to the extent it construes Defendant's motion to dismiss as a motion for summary judgment;

4. Defendant's motion to dismiss (Doc. # 9) is DENIED.

The case is referred back to the Magistrate Judge for further proceedings.

DONE this 18th day of October, 2017.

                                      /s/ W. Keith Watkins
                        CHIEF UNITED STATES DISTRICT JUDGE